IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHERLON EVANS, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PWG-21-431 |
| WARDEN, FCI CUMBERLAND, | * | |
| Respondent. | * | |
| | *** | |

## MEMORANDUM OPINION

Petitioner Sherlon Evans has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1. The Respondent has filed an opposition, ECF No. 6, and the Petitioner has not filed a reply. Accordingly, this matter is now ripe for dispositive review. Having reviewed the Petition and Response, the Court finds that no hearing is necessary. Rules 1(b), 8, Rules Governing Section 2254 Cases in the United States District Courts; Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, the Petition will be denied and dismissed.

## BACKGROUND

In 1994, after a jury trial, Petitioner Sherlon Evans was convicted in the United States District Court for the Southern District of Florida of: (1) conspiracy to possess with intent to distribute cocaine (21 U.S.C. § 846); (2) use of firearms in the commission of a felony (18 U.S.C. § 924(c)); (3) possession of unregistered firearms (26 U.S.C. § 5861); and (4) intimidation of witnesses and jurors (18 U.S.C. § 1512). In June of 1995, Mr. Evans was sentenced to a total term of incarceration of 684 months. The Eleventh Circuit affirmed Mr. Evans's judgment and conviction. *See United States v. Walker*, 1999 WL 721632, 194 F.3d 1322 (Table) (11th Cir. 1999).

Mr. Evans filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255 on September 26, 2001.  *See Evans v. United States,* Civil No. DTKH-01-4002 (S.D. Fla.); *see also United Sates v. Evans*, Criminal No. 93-cr-00123-UU (S.D. Fla.), ECF No. 406.  After briefing, the motion was denied on the merits on May 16, 2002.  *Id*.; Criminal No. 93-cr-00123-UU (S.D. Fla.), ECF No. 413.  Mr. Evans's appeal to the Eleventh Circuit was dismissed on January 29, 2004.  *See Evans v. United States*, 92 Fed. App'x 780 (11th Cir. 2004).  Mr. Evans filed a second § 2255 motion on June 24, 2016, in the Southern District of Florida, which was dismissed as an unauthorized successive petition.  *See Evans v. United States,* Civil No. DTKH-16-22769 (S.D. Fla).

In the present Petition, Mr. Evans claims that his § 924(c) conviction is infirm based on the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995).

## STANDARD OF REVIEW

The threshold question presented here is whether this claim properly may be raised in a § 2241 petition.  A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct mechanisms for obtaining post-conviction relief.  A § 2241 petition attacks the manner in which a sentence is executed.  *See* 28 U.S.C. § 2241(a).  By contrast, a § 2255 motion challenges the validity of a conviction or sentence.  *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (en banc).

Although a federal prisoner generally may not seek collateral relief from a conviction or sentence by way of § 2241, there is an exception under the so-called "savings clause" in § 2255.[1]

---

[1]  28 U.S.C. § 2255 provides in relevant part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which

2

It provides that a prisoner may seek relief under § 2241 if the remedy under § 2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255.  The United States Court of Appeals for the Fourth Circuit has held that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) *subsequent* to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law; and (4) due to the retroactive change in the law, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.  *See United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

## ANALYSIS

In *Bailey v. United States*, 516 U.S. 137, 143 (1995), the Supreme Court interpreted the meaning of the word "use" under 18 U.S.C. § 924(c)(1), holding the government must prove active employment of the firearm.  Here, Mr. Evans's claim fails because he cannot demonstrate that § 2255 is inadequate and ineffective to test the legality of his conviction, as *Bailey* was not decided "subsequent to the prisoners direct appeal and first § 2255 motion." *Wheeler*, 886 F.3d at 429.  Mr. Evans's Petition is based solely on the decision in *Bailey*, which was decided on December 6, 1995.  Mr. Evans's direct appeal was not decided until September 2, 1999.  Further, Mr. Evans's original § 2255 was not filed until 2001, more than five years after the decision in *Bailey*.  As such, *Bailey* does not represent new substantive law decided after Mr. Evans's direct appeal and first §

---

    sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

2255 motion; thus, Mr. Evans cannot demonstrate that he is entitled to invoke the savings clause in § 2255 to pursue his claim under § 2241.

## CONCLUSION

Mr. Evans has failed to demonstrate entitlement to review of his claims under 28 U.S.C. § 2241, therefore habeas relief shall be denied. A habeas petitioner may not appeal the final order on a petition without first having received a certificate of appealability.  28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citing *Miller-El v. Cockerell*, 537 U.S. 322, 336 (2003)).  The Court finds that the legal standard for issuance of a certificate of appealability has not been met and thus declines to issue one.  Mr. Evans may seek such a certificate from the Fourth Circuit.  *See* Fed. R. App. P. 22(b).

A separate order follows.


   December 8, 2022              /S/                        .
Date                           Paul W. Grimm
                               United States District Judge